George T. Vandermeulen, J.
This is a motion by the defendants in the three above-entitled actions for an order directing consolidation or joint trial of the actions. The moving affidavit shows that all three of the actions, now pending in the Supreme Court of Erie County, were brought to recover damages for personal injuries sustained by the respective plaintiffs on August 19, 1956, when an automobile owned by Lawrence Besnick and operated by Idrian Besnick, in which Bita Nussbaum was riding as a passenger, struck a tree.
Apparently Actions No. 2 and 3 are based on the theory that the collision in which the automobile was involved in which *66 she was riding, and her resultant injuries were caused by the negligence of the operator Idrian Resnick, and, Lawrence Res-nick, owner of the car being responsible for the negligence of the operator of the car on the theory of the car being driven with the owner’s consent and permission.
Action No. 1 brought by Idrian Resnick, the operator of the car, was based on the theory that the collision and resultant injuries to the plaintiff were caused by the negligence of Lawrence Resnick in furnishing an automobile with mechanical defects.
Consolidation is favored by the courts whenever it is feasible unless a substantial right will be prejudiced by consolidation or joint trial.
The sole question, therefore, before this court is whether or not the plaintiff in Action No. 1, who is also the defendant in Action No. 3, will be prejudiced by a consolidation.
Apparently, the attorneys for the defendant Lawrence Res-nick in Action No. 1 brought by the guardian ad litem of Idrian Resnick are also the attorneys for the guardian ad litem of Idrian Resnick in Action No. 3 brought by plaintiffs Rita Nussbaum by her guardian ad litem and Albert Nussbaum, her father, individually. It can plainly be seen that in Action No. 1 the attorneys for the defendant will be cross-examining the plaintiff Idrian Resnick for whom they are the defending attorneys in Action No. 3. In the opinion of this court this is sufficient to justify plaintiff Idrian Resnick in claiming prejudice to a substantial right. Idrian Resnick will be faced with the prospect in the case in which he is the plaintiff of being cross-examined by the attorneys who are defending him in Action No. 3. This might cause such confusion that it might have a prejudicial effect on the jury to the detriment of Idrian Resnick.
The attorneys moving for this consolidation suggest in their argument that they would arrange for a different attorney to act so that they would not be acting in both capacities. I do not think this would completely remove the prejudice.
Even if this were done, I can see there might be a harmful situation that might be detrimental to Idrian Resnick.
The motion is denied.
Submit order.